**UNITED STATES of America ex rel. James W. WILSON, 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, United States Army, Fort Gordon, Georgia, Petitioner,**

v.

**Stanley RESOR, Secretary of the Army, and Major General Harley L. Moore, Jr., Commanding General, Fort Gordon, Georgia, Respondents.**

Civ. A. No. 1668.

United States District Court,
S. D. Georgia,
Augusta Division.

Oct. 8, 1971.

John H. Ruffin, Jr., Augusta, Ga., for petitioner.

R. Jackson B. Smith, Jr., U. S. Atty., B. C. Baxter, Jr., Asst. U. S. Atty., Augusta, Ga., for respondents.

ORDER

RICHARD C. FREEMAN, District Judge.

Petitioner, a private in the United States Army presently stationed at Fort Gordon, Georgia, brings this habeas corpus proceeding seeking his discharge from the Army as a conscientious objector. Petitioner was inducted into the Army on October 12, 1970. On February 12, 1971, petitioner submitted an application to the Army for a discharge as a conscientious objector. On June 23, 1971, the Adjutant General of the Army, who is the final decision maker within the Army on the matter, disapproved petitioner's application stating that "[a]pplicant's professed views became fixed prior to his entry into active military service." On July 21, 1971, petitioner filed with this court a petition for a writ of habeas corpus.[1] A hearing, at which petitioner was represented by counsel, was held before this court on August 17, 1971.

In accordance with the national policy as expressed in the Military Service Act of 1967,[2] the Department of Defense issued Directive 1300.6, which establishes rules and procedures governing the claims of conscientious objectors whose convictions crystallize after entry into military service. In compliance with this Directive, the Army promulgated the following regulations:

3. Policy. a. Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the military service.

b. Federal courts have held that a claim to exemption from military service under Selective Service laws must be interposed prior to notice of induction, and failure to make timely claim for exemption constitutes waiver of the right to claim. *However, claims based on conscientious objection growing out of experiences prior to entering military service, but which did not become fixed until entry into the service, will be considered. Requests for discharge after entering military service will not be favorably considered when—*

1. *Based on conscientious objection which existed, but which was not claimed prior to notice of induction, enlistment or appointment.*

2. Based solely on conscientious objection claimed and denied by the Selective Service System prior to induction.

3. Based solely upon consideration of policy, pragmatism or expediency.

4. Based on objection to a particular war. AR 635–20 (July 31, 1970) (emphasis added).

Pursuant to the above regulation, petitioner submitted a five page application containing biographical background and the reasons[3] upon which he based his

---

1. Upon the filing of this petition Judge Lawrence of this court entered an Order prohibiting respondents from removing petitioner from this court's jurisdiction until further ordered.

2. 50 App.U.S.C. § 456(j) states in part:
    Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form.

3. Some representative excerpts from petitioner's application are:

Every war, every killing, every death is therefore not a result of God, but of man's refused (sic) to recognize the Creator and Lord of Life. Until we again turn to the God of the living, these will continue.
* * * * *
I can no longer accept the role of a possible servant of death or allow myself to participate in an organization where to cause death is sometimes a necessary part of its function.
* * * * *
I believe because of my present position, I am being both hypocritical to myself and my beliefs, and dishonest in

claim for discharge as a conscientious objector.

Annexed to the application were six letters from various pre-enlistment acquaintances, all attesting to the sincerity of petitioner's beliefs.

In compliance with Army regulations,[4] petitioner was interviewed by a psychiatrist, a chaplain and his commanding officer. Petitioner was also interviewed by various other officers in the chain of command. The psychiatrist did not make any comment on petitioner's beliefs. The chaplain found that petitioner's beliefs were religious in origin and sincerely held [5] but he made no recommendation for approval or disapproval of the application and he made no comment as to when petitioner's beliefs became fixed. Petitioner's commanding officer and other officers in the chain of command found petitioner to be sincere in his beliefs. Although all these officers recommended approval of petitioner's application, only his installation commander commented on when petitioner's beliefs had become fixed.

■ The Army Conscientious Review Board, upon review of the entire record containing the recommendations for approval by all officers in the chain of command, recommended disapproval of petitioner's application stating:

1. The member's application for discharge as a conscientious objector was considered under the provisions of Army Regulation 635–20, 31 July 1970. No vested right exists for any person to be discharged from the Army at his own request, even for conscientious objection, prior to the expiration of his term of service. Discharge for conscientious objection is at the grace of the Secretary of the Army and the applicant bears the burden of clearly establishing that he meets the requirements provided by the Secretary in the above-cited regulation. The Board finds that PVT Wilson has not satisfied this burden.

a. Under AR 635–20 consideration may not be given to claims based on conscientious objection which existed (became fixed) prior to the claimant's entering military service and not claimed before his Selective Service board. Applicant indicates in his application that he did not apply for con-

---

my relationship with people and with the Army. I believe God gives His children the ability to discern right from wrong within their own lives. God has shown me through time, His Word, and various trials, that I cannot continue to be involved in an organization where violence and death are not only accepted but at times, created. My duty to God is my first responsibility, and this includes loving as Jesus Christ loves; to love people, all people with the same radical individual love that Jesus gives. This I cannot do fully while in an organization participating in war between human beings.

\* \* \* \* \*

I believe my entire life style would be the most conspicuous action in showing my sincerity. I have counselled youth two summers; youth that are trying to find a full and meaningful life. I have participated at Colorado State University with Campus Crusade for Christ and Young Life trying to show individuals the value of their life. Apart from organizations, Jesus commanded to love others as God loves me and as I would have them love me, and to the best of my ability I do and will.

I have continuously expressed beliefs on the value of human life and my objection to war with the people I have come in contact with. When writing or talking to friends, I often mention my position on war and always mention my desire for love between individual persons as Christ shows towards us.

4. AR 635–20 para. 4 (July 31, 1970).

5. Chaplain Kelly wrote:
   1. Since 4 January 1971 I have personally counselled with Pvt. James W. Wilson, SSAN 522–62–6214, on numerous occasions as he has wrestled with his beliefs concerning Conscientious Objector (1–O) status.
   2. In my professional opinion Pvt. Wilson's convictions against war and the use of weapons are thoroughly rooted and grounded in religious and moral principles.
   3. In my professional opinion Pvt. Wilson is utterly sincere, and without guile, concerning his beliefs.

scientious objector status to his local board because " * * * my beliefs were not yet matured enough for a decision at that time." The statement indicates that prior to entering the military applicant did possess the beliefs of a conscientious objector, but felt that those beliefs did not possess sufficient depth or maturity to qualify for 1–O status. By applying while now in the service, applicant must now establish that his present beliefs have matured and are held with more depth than those which he possessed prior to his entry into the military. Yet, applicant does not indicate, at any point in his application, how his beliefs have changed or strengthened or what recent experiences or activities have had any profound effect upon the formation of his views. Applicant has served in the Army since October, 1970, yet neither does he cite any Army experiences which have had any profound effect upon him or his beliefs. Since his beliefs have not apparently changed, the Board must conclude that the beliefs which are presented in this application are the same beliefs which applicant held prior to his entry into the Selective Service System. Since these beliefs appear to have matured, deepened or changed the Board must conclude that these beliefs were fixed prior to his entry into the military. In this regard, the Board has considered the statement by applicant's installation commander stating that it appears that applicant's beliefs have crystallized since his entry onto active duty. However, applicant's installation commander does not cite any matters in this application or any independent facts which support that conclusion.

b. In considering the merits of this application, the Board must also conclude that applicant lacks the depth of conviction required to qualify for discharge as a conscientious objector.[6] As he himself states, he feels that his beliefs were not possessed with sufficient maturity or depth prior to his entry into the military. Applicant has shown no activities, experiences, thought, study or any other matters which establish that since that time his beliefs have matured, deepened or changed significantly. Consequently, the Board must conclude that the beliefs which he now possesses are held with the same lack of depth in existence prior to applicant's entry into the military and with which he was able to serve in the military. Since applicant has not established that his beliefs have changed, the Board concludes that they still lack the requisite depth of conviction.

c. In reaching its conclusions, the Board has fully considered the comments from applicant's chain of command, the interviewing chaplain and the letters submitted in support of this application. The Board feels that they do not submit sufficient matters to supply that which applicant himself is unable to provide. They do not show any training, introspection, study or activities, engaged in by applicant, which served to mature or strengthen those beliefs which applicant possessed prior to his entry into the military. Consequently, the Board feels that these documents are outweighed by the matters discussed above.

On or about June 23, 1971, the Adjutant General disapproved petitioner's application on the ground that "[a]pplicant's professed views became fixed prior to his entry into the active military service."

■■ In reviewing the Army's decision, the determinative question before this court is whether the record before

---

6. Although the final determination on petitioner's application was not based on these grounds, this court feels compelled to caution that lack of "depth and maturity" of convictions is not a proper ground for denying an application for conscientious objector status in this Circuit. Helwick v. Laird, 438 F.2d 959 (5th Cir. 1971).

the review board supplied a basis in fact for its decision that petitioner is not entitled to relief as a conscientious objector. *See, e. g.,* Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Thus, the Army may, like any other fact-finder, rely on inference to reach its determination but the conclusions reached must have some logical factual support in the record.

 No one who interviewed petitioner disputes the religious nature or sincerity of his beliefs. However, under Army regulations,[7] petitioner's beliefs must have crystallized after his entry into the service in order for him to be entitled to a 1–O classification and discharge. A careful review of the record reveals only two comments on this issue. One is petitioner's statement in his application that:

> My beliefs have been acquired primarily over the last five years, beginning when I first accepted Jesus Christ as a living person and vital to my life. But only recently have they crystallized sufficiently to compel me into my present action.

The other is the statement in the installation commander's interview report that:

> Applicant's belief appears to have crystallized after entry into military service and has developed into a firm decision that he can no longer serve in an organization where causing death may be a necessary requirement.

The Army Review Board interpreted petitioner's statement as an admission that petitioner held, prior to his entry into the military service, the same views which he now asserts as grounds for conscientious objector status. Having interpreted petitioner's statement in this manner, the Army Review Board found the installation commander's statement conflicting. The Review Board resolved this conflict against petitioner by giving the installation commander's statement little weight in the final determination because he failed to state facts to support his statement.

This court cannot say that the Review Board could not infer sufficient facts to support the conclusion it reached from petitioner's statement alone. However, when weighed with the installation commander's statement, the question of crystallization is at best ambiguous. To infer from these statements a finding as to the time of crystallization is not supported by the record. See, Bolen v. Laird, 443 F.2d 457 (2nd Cir. May 27, 1971). Therefore, this court can find no basis in fact to support the Army's decision. In such a case the Army should have required further interviews and reports on that specific issue rather than rejecting the application. *See,* McGehee v. McKaney, 312 F.Supp. 1372 (D.Md. May 13, 1970).

Since this crucial fact governs the granting or denying of petitioner's request for conscientious objector status, this court remands petitioner's application for further consideration by the Army in accordance with this opinion.

It is so ordered.

